**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> K.L.M. TELEPHONE COMPANY, ET AL., ) <br> ) <br> Defendants. ) | No. 14-06049-CV-SJ-FJG |

# ORDER

Currently pending before the Court is MCImetro Access Transmission Services LLC and MCI Communications Services, Inc. (collectively "Verizon's) Motion for Leave to File Amicus Memorandum (Doc. # 56); defendants' Motion for a Temporary Stay of Proceedings Pending A Ruling of the Judicial Panel on Multidistrict Litigation (Doc. # 61), and defendants' Motion for Leave to File Supplemental Authority (Doc. # 67).

This action is one of thirty-one actions filed by Sprint Communications Company L.P. ("Sprint") since early May 2014 in federal courts across the country. The cases relate to the issue of whether long-distance phone companies, like Sprint, are entitled to refunds for switched access charges that those companies paid to local phone companies – known as local exchange carriers or "LECs" for those long distance companies' use of switched access services purchased from the LECs' tariffs to route certain phone calls, known as "intraMTA calls," between wireless and wireline phone customers. In September 2014, the long-distance affiliates of Verizon, MCI Communications Services, Inc. and Verizon Select Services, Inc. ("Verizon") began filing their own separate lawsuits against LEC's in federal courts. Defendants argue that

these cases raise the exact same "intraMTA issues" as the Sprint cases.  Verizon has fled 33 separate lawsuits in federal district courts. Thus, there are now 64 different intraMTA lawsuits filed by either Sprint or Verizon which are pending in different federal district courts.  On September 19, 2014, CenturyLink filed a motion with the Judicial Panel on Multidistrict Litigation to transfer the 28 CenturyLink actions to a single federal district court for coordinated proceedings. In its motion, Century Link identified the other 36 pending IntraMTA actions, including this case.  The defendants state that the Panel has scheduled a hearing on the motion for December 4, 2014 and it believes the panel will rule on the motion by the end of the year.  Defendants thus request a stay until the Panel has issued its decision.  Defendants state that a short stay will conserve judicial resources  the parties' resources and will not prejudice Sprint.

"[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'"  Ryan v. Gonzales, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013) (quoting Schriro v. Landrigan, 550 U.S. 465,473,127 S.Ct. 1933,167 L.Ed.2d 836 (2007)).  In Witherspoon v. Bayer Healthcare Pharmaceuticals Inc., No.4:13CV01912ERW, 2013 WL 6069011 (E.D.Mo. Nov. 18, 2013), the Court stated:

> In determining whether to stay proceedings, a district court must exercise judgment by weighing competing interests and maintaining an even balance. . . .Specifically, the district court should consider three factors: (1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.

Id. at *2 (internal citations and quotations omitted).

Sprint argues in opposition that it is unlikely that the pending MDL motion will be

2

granted and thus the motion to stay is simply a tactic of the defendants to delay the progress of this litigation. Sprint spends several pages arguing the merits of the MDL motion and whether there exist common questions of law and fact sufficient to consolidate the cases. Sprint also argues that the parties will have to produce discovery regardless of whether the case proceeds before this Court or a court selected by the JPML, thus there would be no duplicative discovery and defendants would not be prejudiced if the motion for a stay were denied. Sprint states that it will suffer prejudice if the motion to stay is granted, because it will further delay the resolution of the case.

After consideration of the parties briefs and arguments, the Court finds that the factors mentioned above weigh in favor of granting the defendants' motion for a stay. The Court finds that the JPML is scheduled to hear argument on the Motion to Consolidate within the next couple of weeks, thus the stay will be relatively short. If the JPML grants the motion to consolidate, the Court finds that it could save both judicial resources and the resources of the parties as well[1]. Therefore, the Court hereby **GRANTS** Defendants' Motion for a Temporary Stay of Proceedings Pending a Ruling of the Judicial Panel on Multidistrict Litigation (Doc. # 61).

Verizon is a defendant in the case Sprint Communications Co. L.P. v. Southwestern Bell Telephone Co. et al., No. 4:14-CV-00850-CEJ, which is currently pending in the Eastern District of Missouri. Verizon seeks to file an amicus memorandum in this case, joining in part plaintiff Sprint's Opposition to Defendants' Motion to Dismiss. Verizon states that as a party to a related case which involves similar issues of law and fact, it

---

[1] The Court notes that another court in the Eastern District of Missouri handling a case involving the same type of allegations recently granted a motion to stay proceedings pending a resolution by the JPML on the Motion to Consolidate. See Sprint Communications Co. L.P. v. Southwestern Bell Telephone Co., No. 4:14-CV-00850-CEJ (E.D.Mo.Oct. 28, 2014).

3

has a special interest in the issues which are presented herein and thus seeks an opportunity to file a short amicus memorandum.  For good cause shown and with no opposition indicated, the Court hereby **GRANTS** Verizon's Motion for Leave to File Amicus Memorandum.  Verizon shall file the memorandum attached to its motion on or before **December 3, 2014**.

Also pending before the Court is defendants' Motion for Leave to File Supplemental Authority in Support of their Motions to Dismiss or Stay (Doc. # 67). Defendants state that another Court in the Northern District of Iowa recently issued an Order ruling on a Motion to Dismiss or Stay.  Defendants state that this case is one of several pending intraMTA cases filed by Sprint.  Defendants are requesting leave of Court to file this opinion as supplemental authority in support of their Motions to Dismiss or Stay in this case.  For good cause shown and with no opposition indicated, the Motion for Leave to File Supplemental Authority is hereby **GRANTED** (Doc. # 67).  Defendants shall file this supplemental authority on or before **December 3, 2014**.

Date:  December 1, 2014                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                            United States District Judge